IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA L. HORN, REBECCA L. HORN, S.H., <br><br> Plaintiffs, <br><br> v. <br><br> JEREMY E. SAWYER, ASHLEY N. MOORE, <br><br> Defendants. | 2:23-cv-00906-CCW |

**OPINION AND ORDER**

Before the Court is the Petition for Court Approval of Settlement of a Minor's Claim by Plaintiff Shelia L. Horn, parent and natural guardian of Minor-Plaintiff S.H. *See* ECF No. 26. For the following reasons, the Court will APPROVE the Petition.

**I.    Background**

**A.    Factual Background**

This case arose from a 2021 car accident in which a vehicle owned by Defendant Ashley N. Moore and driven by Defendant Jeremy E. Sawyer struck a vehicle owned and operated by Plaintiff Shelia L. Horn and occupied by Plaintiff Rebecca L. Horn and minor-Plaintiff S.H. ECF No. 1 at ¶¶ 13–19. The Horns contend that Mr. Sawyer was carelessly, recklessly, and negligently operating the vehicle and was the sole, direct, proximate, factual, and legal cause of the collision and the resulting severe and serious injuries to all three Plaintiffs. ECF No. 1 at ¶¶ 17, 25–30.

**B.    Procedural History**

On May 31, 2023, the Horns filed a complaint against Ms. Moore and Mr. Sawyer, seeking compensation for injuries sustained during the accident. ECF No. 1. In response, Ms. Moore and Mr. Sawyer filed an Answer to Plaintiffs' Complaint. ECF No. 12. On August 15, 2023, in

connection with the initial case management conference, the Court ordered the parties to participate in mediation. ECF No. 19. On August 17, 2023, the parties filed a Joint Status Report indicating that they had reached an agreement resolving the Horns' claims. ECF No. 21. On October 11, 2023, after seeking leave to file under seal, *see* ECF No. 24, the Horns filed a sealed Petition to Approve the Settlement of minor-Plaintiff S.H.'s claims, including the proposed distribution of the settlement and related exhibits. ECF No. 26.

## II.     Discussion

The Court has "an inherent duty to protect the interests of minors…who appear before it"; as such, the Court must "determine the fairness of any settlement agreement and the reasonableness of any attorneys' fees to be paid from the settlement amount in a suit brought on behalf of a minor." *Nice v. Centennial Area Sch. Dist.*, 98 F.Supp.2d 665, 667 (E.D. Pa. 2000) (citations omitted). To that end, this District's Local Rule 17.1 provides that "[n]o action to which a minor is a party shall be compromised, settled, discontinued or dismissed except after approval by the Court pursuant to a petition presented by the guardian of the minor or the natural guardian of the minor." LCvR 17.1(A). And, because the Court's jurisdiction in this case is based on diversity of citizenship, under the *Erie* doctrine the Court will apply Pennsylvania state law when evaluating the Petition.[1] *See id.* at 667–68 (citations omitted). Accordingly, "[i]n considering petitions to approve compromise settlement and distribution, the court must assess the following: (1) the sufficiency of the petition; (2) the fairness of the proposed settlement amount; and (3) the reasonableness of the requested counsel fees." *Johnson v. Clearfield Area Sch. Dist.*, 319 F.Supp.2d 583, 586 (W.D.

---

[1] Under Pennsylvania choice-of-law rules, the Court looks to Pennsylvania state substantive law and Ohio state substantive law regarding the approval of settlements involving minors. The Court perceives no conflict between the two laws. Because Plaintiffs apply Pennsylvania substantive law in the Complaint, and the Pennsylvania standard for approving minors' settlements is arguably stricter, the Court will apply Pennsylvania state law.

Pa. 2004) (Gibson, J.) (citing *Calvert v. General Accident Ins. Co.*, Civil Action No. 99-3599, 2000 WL 124570, at *5–*6 (E.D. Pa. Feb. 2, 2000)).

### A. The Petition is Sufficient

To be sufficient, a petition for approval of settlement must provide "sufficient information upon which the court may base its determination." *Johnson*, 319 F.Supp.2d at 587. Thus, "in order to 'assure that the minors' best interests are protected, the petition should include all relevant facts and the reasons why the minors' guardian believes the settlement is desirable...'" *Id.* (citing *Calvert*, 2000 WL 124570, at *5). Here, the Petition recounts the salient facts of the case, recites the relevant procedural history, and provides necessary detail regarding the terms of the settlement, the proposed distribution, the attorneys' expenses, and the reasonableness of the attorneys' fees in light of the efforts of counsel. As such, upon review of the Petition and supporting exhibits, the Court is satisfied that the Horns have provided sufficient information for the Court to make its decision.

### B. The Proposed Settlement is Fair

Although, "generally, the 'parties and counsel are … in the best position to evaluate the settlement and their judgments are entitled to considerable weight,'" *Johnson*, 319 F.Supp.2d at 587 (quoting *Calvert*, 2000 WL 124570, at *5), the Court must nevertheless "make an independent evaluation with regard to the fairness of the settlement value to the minor." *Id.* (citation omitted). Here, given the extent of S.H.'s injuries, her course of treatment, the medical records (as disclosed in the Petition and supporting exhibits), and in light of the appropriate weight given to the opinions of counsel and S.H.'s parent, the Court finds that the proposed settlement is fair.

### C.     The Requested Counsel Fees are Reasonable

Under Pennsylvania law, the Court must "'make an order approving or disapproving any agreement entered into by the guardian for the payment of counsel fees and other expenses out of the fund created by the compromise.'" *Johnson*, 319 F.Supp.2d at 588 (quoting Pa. R. Civ. P. 2039(b)). "In doing so, the court must 'strike a balance between being a "passive pro forma rubber stamp"… and being too intrusive in its consideration of the fairness of counsel fees.'" *Nice*, 98 F.Supp.2d at 670 (quoting *Stecyk v. Bell Helicopter Textron, Inc.*, 53 F. Supp. 2d 794, 800–01 (E.D. Pa. 1999)). Thus, even where, as here, "the minor's parent[ has] agreed to a contingent fee agreement," the Court must "independently investigate the fee to be charged to ensure that it is fair and reasonable." *Id.* To that end, Pennsylvania courts apply the following ten-factor test to measure the effectiveness of counsel and the fairness of the requested fees:

> (1) the amount of work performed;  (2) the character of the services rendered;  (3) the difficulty of problems involved;  (4) the importance of the litigation;  (5) the degree of responsibility incurred;  (6) whether the fund involved was "created" by the attorney;  (7) the professional skill and standing of the attorney in her profession;  (8) the result the attorney was able to obtain;  (9) the ability of the client to pay a reasonable fee for the services rendered;  and (10) "very importantly" the amount of money in question.

*Johnson*, 319 F.Supp.2d at 590–91 (citing *Nice*, 98 F.Supp.2d at 671);  *see also Gilmore v. Dondero*, 582 A.2d 1106, 1109 (Pa. Super. 1990).

After considering the Petition and supporting exhibits in light of the factors set forth above, the Court is persuaded that the request for fees—one quarter of the total settlement, in accordance with the revised contingent fee arrangement—and expenses here is reasonable and fair. According to the Petition, the initial contingent fee arrangement provided for approximately one third of the total settlement, but counsel subsequently reduced the fee to one quarter of the total settlement in

4

order to "maximize the net settlement proceeds payable to the minor child." ECF No. 26 at ¶ 17. Furthermore, in the Petition and the affidavit submitted by counsel pursuant to LCvR 17.1(B), counsel asserts that the settlement is "fair, reasonable, and appropriate under the circumstances" and reaching the settlement involved "significant work" and "lengthy settlement negotiations." *See* ECF No. 26 at ¶¶ 12, 13, fn. 1; 26-B at 4.  Furthermore, counsel's efforts resulted in a significant recovery on behalf of S.H.  As such, the Court will approve the requested fees and expenses.

### III.   Conclusion

For the foregoing reasons, it is hereby ORDERED that settlement on behalf of the minor S.H. is APPROVED in the amount and according to the terms set forth in the Petition. *See* ECF No. 26, 26-B.

DATED this 1st day of December, 2023.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record